**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5211**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARTIN KAFKA-BANDERAS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, Chief District Judge. (CR-05-29)

Submitted: September 28, 2006          Decided: October 4, 2006

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Martin Kafka-Banderas pled guilty to illegally reentering the United States after being deported, 8 U.S.C.A. § 1326(a), (b)(2) (West 2005), and was sentenced to seventy-seven months imprisonment. He appeals, arguing that his sentence is unreasonable because the district court refused to rely on the absence of a fast-track program as a basis for sentencing him below the guidelines range. We affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts still are required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. A sentence imposed within the properly calculated guidelines range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

We find that the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Kafka-Banderas only after

considering the factors set forth in § 3553(a), rejecting his argument that he should be sentenced below the guidelines range based on the absence of a fast-track program. We find the district court's decision was not unreasonable. See United States v. Perez-Pena, 453 F.3d 236 (4th Cir. 2006) (holding that the sentence disparity between a non-fast-track defendant and one who received a fast-track sentence is not "unwarranted" within the meaning of 18 U.S.C. § 3553(a)(6)).

Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find Kafka-Banderas' sentence reasonable. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED